**APPENDIX A**

| | |
|---|---|
| **IN THE UNITED STATES DISTRICT COURT** | Filed at____ //.`35` _A._ **M** |
| **MIDDLE DISTRICT OF GEORGIA** | 20 _14_ |
| <u>**ALBANY** </u>**DIVISION** | Deputy Clerk, U.S. District Court<br>Middle District of Georgia |

| | | |
|---|---|---|
| <u>JOANNE EDWARDS </u> | : | |
| Plaintiff | : | **Civil Action No.** _/.'14–CV–6 ( ωLS )_ |
| **v.** | : | |
| Albany Area Community Service Board-the | : | |
| Dept. of Administrative Services-State of GA | : | |
| State Board of Worker's Compensation | : | |
| Wendy Simpson, Tammy Ringo, Matthew | : | |
| Liverman, Robin Golivesky, Lyndsey Hurst | : | |
| Judy Hicks-Varnell, Amber Wiggins, Sampson | : | |
| <u>Blunt, Robert Hamilton, William Carter </u> | : | |
|  Defendants | : | |
| | : | |

<u>**This court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and/or 1332**</u>
COMPLAINT

Plaintiff, Joanne Edwards, bring suit against Defendant/Defendant(s) referring to  Albany Area Community Service Board, State of GA- the Dept. of Administrative Services,  State Board of Worker's Compensation and members of their staff, alleging that in the ostensible scope of their practice, as state actors, their staff members committed unlawful acts against the Plaintiff, along with a private actor Judy Hicks-Varnell, acting under color of law, using wire communication by writings and signs I believe in furtherance of executing such schemes or artifice to defraud and at various relevant times participated in and are otherwise in some manner responsible for the damages that arose from facts and occurrences set therefore in the violations of law in this complaint knowing and realizing that others were engaging in such unlawful conduct and never-

the-less facilitated, encouraged, and assisted the commission of the unlawful acts, aiding and abetted others in their conduct engaging in a common enterprise and common course of conduct making untrue, misleading representations, fraudulent manipulation with the purpose of creating statutory compliance – engaged in schemes to deceive and cheat me, discriminating against me because of my neck, C-spine work injuries/work disabilities, conditions and other potential, additional claims of Catastrophic Designation, OSHA, and third party personal injury that I was not informed of in my consulted worker's compensation claim until after statute expired, and states as follows:

1. Plaintiff is a resident of the City of Camilla, Mitchell County, in the State of Georgia.
2. Defendant, Albany Area Community Service Board carries on regular and substantial business of Behavioral Health, Addictive Diseases and Developmental Disabilities in the City of Albany, Dougherty County, State of Georgia and is a State Agency (the Dept. of Administration Services – DOAS), Insurer-Client Allegiance with the State Board of Worker's Compensation, with excess of 100 individuals employed by the Defendant(s).
3. Plaintiff was employed by the Defendant(s) from around 03/2009 and last worked 08/27/2010 and is not presently employed because Plaintiff was terminated after August 2010 schedule when the Defendant filed a WC-1 First Report of Injury of Plaintiff's permanent partial disability on 08/23/2010.
4. That on September 17, 2009, the Plaintiff was exiting her office to go out on the unit and fell face down, forward into a puddle of water on the floor and threw my head back right before my face could strike the floor; caused by, Dr. Henry Eugenio, I believed to be a private contractor psychiatrist negligence watering of work place plants and water on the floor.
5. Solely as a result of Dr. Henry Eugenio negligent watering of work place plants and water on the floor, Plaintiff sustained permanent disabling injuries to the neck and back (neck pain, cervical spinal stenosis, cervical radiculopathy, displaced cervical disc, cervical spondylosis, low back pain, lumbar stenosis, lumbosacral radiculopathy, lumbar spondylosis, thoracic radiculopathy and Pain)
6. Solely as a result of the injuries aforementioned, the Plaintiff has incurred not only personal injury but damages, including:
   a. Temporary Total Work Disabilities, potential fatal injuries

b.  Lost wages (front pay and back pay)

c.  Medical Expenses/Medical Boarding & Travel Expenses

d.  Self-care deficit

e.  Emotional distress

f.  Have and will have for an indefinite time in the future suffer great pain, inconvenience, surgery, self-care deficit, mental anguish, low productivity, deprived of ordinary pleasures of life, loss of well-being, with overall health, strength and vitality greatly impaired.

7.  Plaintiff was accepted on a WC-1 Employer's First Report of Injury dated 08/23/2010 within the first year of injury and paid permanent partial disabilities benefits in 2010 to preserve Plaintiff's right to lifetime medical and income benefits until I can return to work without restrictions and assigned Claim No. 2010-025855.

8.  Plaintiff has a lifetime right to medical treatment and income benefits until I can return to work without restrictions.

9.  Defendant(s) used Plaintiff's personal identifying for purposes unintended to open new claims or use existing accounts or commit other fraud to gain control of Plaintiff's benefits connected to my work disability.

a.  And as a result of the aforesaid, Plaintiff was subjected to a potential and actual threat to my life.

### ACTS COMPLAINED OF IN THIS SUIT CONCERNS:

### RACKETEERING/LABOR RACKETEERING

### COUNT I

DEFENDANTS FAILED TO CARRY OUT WORKER'S COMPENSATION INSURANCE COVERAGE FOR MY WORK DISABILITIES AND ARE AT FAULT FOR MY PERSONAL INJURIES/DAMAGES INCURRED

### COUNT II

DEFENDANTS DID NOT FOLLOW THE LAW AND VIOLATED PLAINTIFF'S U.S.C. 1ST, 5TH, AND 14TH AMMENDMENT RIGHTS, OTHER STATE AND FEDERAL CIVIL RIGHTS, DUE PROCESS, INTENTIONAL DISCRIMINATION,

DEPRIVATION OF LIFE AND PROPERTY, DEVALUED CLAIM, AND
GOVERNMENT ABUSE OF A SINGLE CONSTITUTE WITH A DISABILITY

**COUNT III**

DEFENDANTS VIOLATED MY FREEDOM OF SPEECH WHEN THEY REFUSED
TO ALLOW ME TO PARTICIPATE IN MY TREATMENT PLAN OF CARE

**COUNT IV**

PLAINTIFF WAS AWARDED BENEFITS THAT WAS COLLECTED BY SOMEONE
ELSE

**COUNT V**

PLAINTIFF WAS NOT INFORMED OF A POTENTIAL ADDITIONAL THIRD
PARTY PERSONAL INJURY IN MY CONSULTED WORKER'S COMPENSATION
CLAIM UNTIL AFTER STATUTE EXPIRED

**COUNT VI**

DEFENDANT(S) KNOWINGLY AND WILLING SENT PLAINTIFF ON AN OUT
TOWN APPOINTMENT UNDER THE PRETENSE I WAS GOING TO RECEIVE
ORDERED REHABILITATION

**COUNT VII**

DEFENDANTS USED PLAINTIFFS PERSONAL IDENTIFYING INFORMATION
FOR PURPOSES UNINTENDED TO OPEN NEW ACCOUNTS OR USE EXISTING
ACCOUNTS OR COMMITT OTHER FRAUD TO GAIN CONTROL OF
PLAINTIFF'S BENEFITS

**2. Now comes the above plaintiff and shows the court the following:**

**1.**

Joanne Edwards

115 Kennedy Street

Camilla, Georgia 31730

**2.**

State Board of Workers' Compensation

270 Peachtree Street, NW Atlanta, GA 30303-1299

**3.**

State of GA

Department of Administrative Services

200 Piedmont Ave., SE Ste. 1208

West Tower, Atlanta, Georgia 30334-9010

**4.**

Albany Area Community Service Board

1120 W. Broad Ave., Albany Georgia, 31703

**5.**

Wendy Simpson

200 Piedmont Ave., SE Ste. 1208

West Tower, Atlanta, Georgia 30334-9010

**6.**

Amber Wiggins

200 Piedmont Ave., SE Ste. 1208 W.

Atlanta, Georgia 30334-9010

**7.**

Tammy Ringo

200 Piedmont Ave., SE Ste. 1208

West Tower, Atlanta, Georgia 30334-9010

**8.**

Sampson Blunt

200 Piedmont Ave., SE Ste. 1208 W.

Atlanta, Georgia 30334-9010

**9.**

Judy Hicks-Varnell

525 W. Broad Avenue

Albany Georgia 31701

| **10.** | **11.** |
|---|---|
| Robin Golviesky | Robert Hamilton |
| Office of the Attorney General | Office of Attorney General |
| 40  apital Square, S.W. Atlanta, GA 30334 | 40 Capitol Square, S.W. ATL, GA 30334 |
| **12.** | **13.** |
| Lyndsey Hurst | William Carter |
| Office of the Attorney General | Office of Attorney General |
| 40 Capital Square, SW, Atlanta, Georgia 30334-1300 | 40 Capitol Sq., SW, ATL 303334 |

**14.**

Matthew Liverman

Office of the Attorney General

40 Capital Square, SW, Atlanta, Georgia 30334-1300

## 3. LEGAL CLAIM

### A.

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) also Neitzke v. Williams, 109 S. Ct.
1827, 1832 (1989). Rule 12(b)(6) does not countenance dismissals based on a
judge's disbelief of a complaint's factual allegations. In applying the Conley standard, the Court
will "accept the truth of the well-pleaded factual allegations of the Complaint."

Racketeer Influenced and Corrupt Organizations (RICO) Act, including sections 1970, 1962, and
1961. 18 U.S.C. 1961-1968; U.S.C. 1964 (a) (b) and (c); 1983 Civil Rights Violation and 1985
conspiracy.

Title 28 United States Code § 1343, which provides a federal court forum in which
citizens may seek redress from the deprivation of rights, privileges and immunities under
color of state law.

18 USC 1341 Mail Fraud; 18 USC 1343 Wire Fraud; 18 USC 1503 Obstruction of Justice.

Plaintiff respectfully asks for relief of all rulings made in violation of the law to date,
and a permanent injunction to prevent interference from receiving related health services to date
and indeed, monetary damages and injunctive and other equitable relief are being sought
pursuant to 42 U.S.C. section § 1981 and other in the amount as the court deems appropriate.

O.C.G.A 34-8-81.1
O.C.G.A. 34-9-82

Georgia Workers' Compensation Act

The False Claims Act by submitting a false claim to the government; to violate the FCA a person
must have submitted, or caused the submission of, the false claim (or made a false statement or
record) with knowledge of the falsity. In 3729(b)(1), knowledge of false information is defined
as being (1) actual knowledge, (2) deliberate ignorance of the truth or falsity of the information,
or (3) reckless disregard of the truth or falsity of the information.

OSHA (Occupational Health and Safety Act of 1970, 29 U.S.C. 654)

Pro se litigants may be entitled to Attorney fees and costs under the Civil
Rights Attorney's Fee Award Act of 1976, 90 Stat. 2641, as amended 42 USC 1988

Pursuant *Georgia Power Co. v, Brasill*, 171 Ga. App. 569, 320 S.E. 2d 573 (1984). 1994
amendment of paragraph (b) (1) of O.C.G.A. 34-9-201, providing that authorized physicians may
"arrange for any consultation, referral or other medical services without prior authorization of the
board"; Porter v. Ingles Mkt., Inc., 219 Ga. App. 145, 464 S.E. 2d 212 (1995).

The Employer did not furnish treatment and therefore has failed to comply with panel
requirements; pursuant Boaz v. K-mart Corp., 254 Ga. 707, 334 S.E. 2d 167 (1985).

American Mutual Liability Insurance Company v. Jordan, 113 Ga.App. 842, 149 S.E. 2d 870
(1966). Bel Arbor Nursing Home v. Johnson, 192 Ga. App. 454, 385 S.E. 2d 315 (1989);
Owens-Illinois, Inc. v. Champion, 203 Ga. App. 736, 417 S.E. 2d 703 (1992).
Hensel Phelps Construction Co. Manigualt, 167 G. App. 599, 307 S.E. 2d 79 1983.

Third–Party Negligence/Personal Injury (General, Compensatory and Special damages)

Based on the deletion of O.C.G.A.34-9-201c, amended by O.C.G.A. 34-9-201(b) (1) and
O.C.G.A. 34-9-201(b) (2); any further referrals for treatment made by a "referred to physician",
although he becomes an authorize treating physician, is prohibited.

Violations of Business and Professions Code Section 17200 (untrue or misleading
representations).

Doctors' Co. v. Superior Court (1989) 49 Cal. 3d 44, citing Mox Incorporated v. Woods (1927) 202 Cal. 675, 677-78.)' (Id. At 511.) Civil Conspiracy

Allied Equipment Corp. v. Litton Saudi Arabia Ltd., supra, 7 Cal. 4th at 510-11.) Owes a duty to Plaintiff recognized by law & breach of that duty

Title 18 U.S.C. Section 241 – Conspiracy Against Rights

Deprivation of Rights under color of Law (18 U.S.C. Section 242).

Federal statute (42 U.S.C. section 1981a) specifically permits a private lawsuit for money damages for any employee who has been the victim of intentional discrimination in employment.

Pro se litigants may be entitled to Attorney fees and costs under the Civil Rights Attorney's Fee Award Act of 1976, 90 Stat. 2641, as amended 42 USC 1988

State actors who conspire with private defendants "can supply the state action nexus required for a section 1983 suit "*Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir. 1984).

"private actors, may be liable for infringement of 14th Amendment rights only through conspiracy with state actors in violation of 42 U.S.C. 19985(3). "*Terry Properties, Inc. v. Standard Oil Co.,* 799 F.2d 1523, 1533-34 (11th Cir. 1986).

*Kivisto v. Miller, Canfield, Paddock & Stone,* PLC, 413 F. App'x 136, 139 (11th Cir. 2011).

*Lucero v. Operation Rescue of Birmingham,* 954 F.2d 624, 627-28 (11th Cir. 1992) 9citing *United Brotherhood of Carpenters 7 Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 828-29 (1983).

Conspiracy to interfere with civil rights; 42 U.S.C. section 1986.

*Johnson v. Wilbur,* 375 F. App'x 960, 964 911th Cir. 2010) (citations omitted).

*Jarrett v. Twp. Of Bensalem,* No. 07-1480, 2008 WL 81815, at *4 (E.D. Pa.Mar.26, 2008).

*Eubank v. Leslie,* 210 F. App'x 837, 842 (11th Cir. 2006) (citations omitted).

*Harvey v, Harvey,* 949 F2d. 1127, 1133 (11th Cir.1992) (citing *Fullman,* 739 F.2d at 556-57); *Phillips,* 746 F.2d at 785

Employee entitled to temporary total disability benefits pursuant to O.C.G.A. 24-9-2621

(U.S. Const., $1^{st} 5^{th}$ and 14th Amendment).

Title 42 U.S.C. 1983. Equal rights under law. Every person who, under color or any statue, ordinance, regulation, custom or usage, of any State of Territory, subjects any citizen of the U.S.

to the deprivation of any rights, privileges or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity,

Action for neglect to prevent the Declaratory Judgment Act, 28 U.S.C. 2201

Title 42 U.S.C. § 1986 very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section [42 USCS 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; or other proper proceeding for redress

To withdraw, a conspirator must act inconsistently with the objective of the conspiracy and communicate to the co-conspirators his intention to withdraw in a manner reasonably likely to reach his co-conspirators. United States v. United States Gypsum Co., 550 F.2d 115, 129 (3rd Cir. 1977), aff'd. 438 U.S. 422, 57 L.Ed.2d 854, 98 S. Ct. 2864 (1978).

Johnson v. Weyerhaeuser Co., 231 Ga. App. 627, 4399 S.E. 2d 616 (1998)

*Action for personal injury* O.C.G.A. 9-3-33 (General, Compensatory and Special damages)


Motion to request change in physician, O.C.G. A. 34-9-200

O.C.G.A. 34-9-221 to minimize hardship on the injured worker by requiring the employer to act quickly. Southeastern Aluminum Recycling, Inc. v. Rayburn, 172 Ga. App. 648, 324 S.E. 2d 194 (1984).

O.C.G.A. 34-9-200(a) The need for medical attention arose on account of effects of a compensable injury and responsible for  medical treatment that was reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment. The employer shall furnish the employee entitled to benefits under this chapter such medical, surgical, and hospital care and other treatment, items, and services which are prescribed by a licensed physician and the employer/insurer is responsible for diagnostic exploratory tests to determine if indeed the condition was caused by the injury O.C.G.A. Board Rule 205(4), *Old Dominion Freight Line v. Anthony,* 216 Ga. App. 267, 454 S.E. 2d 574(1995).

The employer/insurer is liable for expenses arising from treatment by an "authorized" physician. *Georgia Power Co. v, Brasill*, 171 Ga. App. 569, 320 S.E. 2d 573 (1984).

Employer failed to comply with panel requirements O.C.G.A. 34-9-201(b)


Employee's IME Effective July 1, 1990, O.C.G.A. 34-9-202 gave the employee the right to one IME after an accepted compensable injury.

Meeting panel requirements, O.C.G.A. 34-9-201.

O.C.G.A. § 34-9-221. Procedure; payment controverted by employer; delinquency charge; enforcement

Based on the deletion of O.C.G.A.34-9-201c, amended by O.C.G.A. 34-9-201(b) (1) and O.C.G.A. 34-9-201(b) (2); any further referrals for treatment made by a "referred to physician", although he becomes an authorize treating physician, is prohibited.

1994 amendment of paragraph (b) (1) of O.C.G.A. 34-9-201, providing that authorized physicians may "arrange for any consultation, referral or other medical services without prior authorization of the board"; Porter v. Ingles Mkt., Inc., 219 Ga. App. 145, 464 S.E. 2d 212 (1995).

If the employee does not furnish treatment. Boaz v. K-mart Corp., 254 Ga. 707, 334 S.E. 2d 167 (1985).

O.C.G.A. 34-9-200(b) Employee can petition the Board for a change of physician or treatment or designate other treatment or another physician.

Breach of written Contract O.C.G.A. 9-3-24.

Legal Malpractice

Right to be heard Pursuant Section 611(2) (2) Code of civil Procedure; Austrian pursuant to Section 611 (20) (5).

Title 42, U.S.C. Section 14141, engaging in a pattern of misconduct

*Hobbs v. Roberts,* 999 F.2d 1526, (11th Cir. 1993)

## STATEMENT OF FACTS

During discovery preparing for Claimant's WC-14 Request For Hearing, filed 05/28/2013, on Denial of Medical Treatment, reset Hearing for 10/10/2013, **Around 08/20/13,** I discovered Defendants use of a fraudulent Claim No. 2010-025055 that has my personal identifying information where Defendants in high ranking positions, used my personal identifying information to open new claims or use my existing claim or to commit other fraud acts against me gaining control of my worker's compensation benefits connected to my work disabilities. Around **12/13/12**, I discovered  according to WC-4 Supplemental Case Progress Report filed 10/01/12, Defendant(s) perpetrated they paid me $31,056.89 in income and other benefits, monies that I did not receive. On 11/26/12 Plaintiff's Objection, I protested to the Board as

outlined herein in my complaint any mention of "fraud", "the fraudulent claim" or fraudulent claim No. refers to Fraudulent Claim No. 2010-025055 that has my personal identifying information, I found in my legitimate claim file. I did not file this claim – someone other than me filed this claim on me. I am not responsible for the fraud. Defendant(s) and the ALJ, Gordon Zeese used this fraud claim interchangeably with my legitimate Claim No. 2010-025855 to deny, suspend, limit, terminate my legitimate compensable benefits and devalued my existing legitimate worker's compensation claim, worthless, that I cannot obtain legal representation in this matter and on 08/13/13 and 09/24/13 ALJ Ruling barred my legitimate claim issues in part, prior to 05/01/2012 Hearing by *res judicata*.

Herein, any mention of "fraud", "the fraudulent claim" or fraudulent claim No. refers to Fraudulent Claim No. 2010-025055 that has my personal identifying information, I found in my legitimate claim file. I did not file this claim – someone other than me filed this claim on me. I am not responsible for the fraud. Defendant(s) and the ALJ, Gordon Zeese used this fraud claim interchangeably with my legitimate Claim No. 2010-025855 to deny, suspend, limit, terminate my legitimate compensable benefits and devalued my existing legitimate worker's compensation claim, worthless, that I cannot obtain legal representation in this matter and on 08/13/13 and 09/24/13 ALJ Ruling barred my legitimate claim issues in part, prior to 05/01/2012 Hearing by *res judicata*.

Plaintiff was awarded benefits in connection with my work disabilities that was collected by someone else. The Defendant(s) and the ALJ, Hon. Gordon Zeese, in the use Fraudulent Claim No. 2010-025055 that has my personal identifying gained control of Plaintiffs benefits having perpetrated me as having controvertion of an "alleged" neck injury, alleged C-Spine condition, upper back area/treatment of cervical region" issues of WC-14 on 10/28/11 unequivocally filed by Judy Varnell, under color of law to preserve rights to medical treatment" and the Defendant(s) presented fraudulent claim No. Employer/Self-Insurer's Brief and Exhibits to Trial Court, prepared by Attorney of Record Robin Golivesky and Attorney of Record, Lyndsey Hurst, presented Fraudulent claim No. Employer/Self-Insurer's Appellate Brief that was prepared by Robin Golivesky to the Appellate Court, using my personal identifying information and entered the fraudulent Briefs and Exhibits into the judicial court system, that judicial notice may be taken as defense evidence against my legitimate claim presented at 5/01/12 Hearing and the fraud

claim was Ruled on 06/29/12 by the ALJ, Gordon Zeese, in preponderance of the weight of the competent and credible evidence as contained within the records for the fraudulent Claim No. 2010-025055 that has my personal identifying information,  pursuant 24-1-1 (1); and falsely perpetrated an <u>alleged lumbar injury</u>, sustained only minor injuries, in need of no further medical treatment, afforded no income benefits, no objective medical evidence in over 2 years of medical treatment to substantiate "<u>alleging deliberating conditions</u>", further perpetrated Defendant(s) paid me $31, 056.89 in income and other benefits according to WC-4 Supplemental Case Progress Report dated 04/04/12 and filed 10/01/12 (monies I did not receive), perpetrated no applied work search, inferred use of onetime change of physician, and afforded no IME . Pursuant 34-9-103(a), AT&T v. Cotten, 222 Ga. APP. 261 (1996) these fraudulent claim issues must be upheld for the fraudulent Claim No. 2010-025055. THIS IS NOT ME!

Plaintiff is legitimate Claim No. 2010-025855 accepted on a WC-1 Employer's First Report of Injury in 2010 within the first year of injury and received income benefits in 2010 - pursuant O.C.G.A. 34-9-81.1 and 34-9-82 it was not necessary to file a claim to preserve rights to medical treatment; income benefits have been paid in order to preserve Plaintiff rights to medical treatment. Plaintiff has a lifetime right to medical treatment. Defendant(s) has taken the position it is not liable for Plaintiff's lifetime medical and income benefits. Pursuant 34-9-200.1(g) Plaintiff have an 08/24/11 prescription for Rehab treatment by Dr. Andrew Cordista to Dr. Nicodemo Macri for "diagnosed" neck, C-spine, thoracic and lumbar injuries by medical code to date. Pursuant Board Rule 201(b) (c) Plaintiff have an accepted compensable controverted neck, Rt arm/C-spine injury to date and despite an undisputed no posted panel Defendant(s) "ignored" Plaintiff's notice of a onetime change of physician to Dr. Edward Hellman 09/28/12 to date. Plaintiff's issues include WC-14s filed 01/18/11, 11/17/12 and 5/28/13 for denials of medical treatment - never been litigated to date, pursuant 34-9-200a and 34-9-201 for neck, cervical/upper limbs, thoracic, lumbosacral/lower limbs diagnosed  6/09/10, 6/17/11, and 08/24/11 to date and temporary total disability income 01/28/11 pursuant 24-9-2621 loss of earning capacity to date and pursuant 34-9- 202(e) denial of cost and multiple independent medical evaluations to Dr. David Rogers and Dr. Peter Holiday, despite Defendant's failed panel requirements pursuant 34-9-201(b) to date. Plaintiff sustained permanent disabling, potential fatal injuries, in need of ordered medical treatment to date, evaluated extensively with a "mountain" of objective medical evidence in over two years of medical treatment that strongly

supports my claim to date, by their "own selected" authorized treating physicians, Dr. Craig Fredericks and Dr. Andrew Cordista who diagnosed all my problems to date, afforded income benefits until Plaintiff can return to work without restrictions, and Plaintiff applied, a diligent, but unsuccessful work search, even applied with the Defendant(s) during my applied work search and was not called or considered for an interview, and the Defendant(s) never paid unemployment benefits; Plaintiff had an additional potential third party personal injury that I was not informed of during my consulted worker's compensation claim until after statute expired and an additional potential OSHA claim and additional potential Catastrophic Designation.

Plaintiff's legitimate Claim No. 2010-025855 issues has never been presented for Hearing 05/01/12 to date, and was "NOT" Ruled on 06/29/12 for legitimate Claim No. 2010-025855 pursuant Bennett – Murray, Inc. v. Barnes, 222 Ga. App. 137(1996); THEREFORE, it is "NOT legitimate Claim No. 2010-025855 issues barred by *res judicata.* Pursuant 34-9-81.1 Plaintiff has filed multiple WC-14s within statute and do not lose right to compensation. And because there are too many inconsistencies in the evidence between Plaintiff's legitimate claim and the fraudulent claim that has my personal identifying information that is not me, evidence must be found in favor of the Plaintiff and I am legitimate Claim No. 2010-025855, pursuant Johnson v. Weyerhaeuser Co. , 231 Ga. App. 627, 4399 S.E., 2d 916 (1998).

Plaintiff hired, private actor, Judy Hicks-Varnell on 01/18/11 to intervene with the denial of medical treatment and she filed a WC-14 Request for Hearing, for Denial of Medical Treatment, that day, 01/18/11, and the Deposition was held, 05/03/2011 and Hearing reset several times to 07/06/11 but Plaintiff never went to trial. Plaintiff constantly pleaded with Judy Hicks-Varnell to go to court on denial of medical treatment and each time she indicated we would, then latter that same year, she unequivocally filed, what I know now to be, the Fraud Claim No. issues, WC-14 filed 10/28/11. Plaintiff continued pleading with her over a year that those were not my issues and I needed her to file on denial of medical treatment for my issues. Each time she indicated to me she would file the WC-14 on denial of medical treatment to pursue a hearing on the matter, but whenever I checked I learned she had not followed through with the filing. After October 18, 2012, when she "again" failed to follow through with the request for hearing after she indicated to Defendant(s), she was going to file if she had not heard

from them by the close of business day, I realized she was stalling until the Appellate Ruling (which I received on 11/20/12) and believed she was looking out for the interest of the Defendant(s). On November 06, 2012, Plaintiff requested she file the denial of medical treatment or her services would no longer be needed that day. Plaintiff believe Judy Varnell took that opportunity to withdraw from my case, and get out of the common enterprise indicating she was going to file a denial of medical treatment that day and a request for another authorized treating physician – over a year later than the WC-14, 01/18/2011 filed denial of medical treatment and pass the 10/27/2011 Defendant's denial of medical Rehab treatment, knowing I was without medical treatment over a year. I received the Appellate Ruling 11/20/12 upholding the ALJ's decision.

Plaintiff found and believe, it started with Defendant(s) (adjuster Amber Wiggins) **first use of fraudulent Claim No. 2010-025055 that has my personal identifying information,** Objection dated 6/17/10 and on 6/21/10 that **denied** medical treatment for Dr. Andrew Cordista's referral on 06/11/2010 to Dr. Craig Fredericks and Dr. Craig Fredericks cancelled that appointment 6/22/10. Defendant(s) then paid a onetime 7% PPD income for nonsurgical pathology for lumbar radiculopathy (when in fact, Plaintiff had lumbar-sacral radiculopathy with indications for neurosurgery consult since 10/02/09 by Dr. Nicodemo Macri, 10/20/09 by Dr. Andrew Cordista and 10/28/09 by Dr. Stephen Rubendall to date) and Defendant(s) paid permanent partial disability income from 06/09/2010, WC-1, Employer's First Report of Injury, starting first payment 08/23/2010, over 21 days late penalty Defendant(s) never paid. Dr. Andrew Cordista indicated Plaintiff was at moderate risk for increased significant complications, morbidities and/or mortality with indications for major surgery since 10/20/09 by check off. Then Defendant(s) unlawfully **suspended** Plaintiff's income benefits on 11/2/2010 while Plaintiff was still in need of further ordered medical treatment and Defendant(s) waited an entire year before allowing Plaintiff to see Dr. Craig Fredericks, neurosurgeon, on a second referral made by Dr. Andrew Cordista, orthopedic spine surgeon, on 04/29/11 and furthered delayed authorization of this visit until June 2011 before Defendant(s) let Plaintiff see Dr. Craig Fredericks, 06/17/2011, delaying medical assessment, diagnoses and treatment evaded in 2009 by their selected provider's refusal to treat me after documented cervical/neck complaints, and Defendant(s) further ignored Plaintiff's medical evidence that strongly supported my claim since start of treatment in 2009, despite it strongly supported my claim. Defendant(s) controverted my

neck and right arm on 01/21/2011, **limiting** cervical, thoracic assessment, diagnoses and treatment whereby it did prevent an accurate reflection of my condition, diagnosis and treatment until June and August of 2011. The Defendant(s) ignored their own selected physician's (Dr. Fredericks and Dr. Cordista's) diagnoses, recommendations and further ignored and **denied** referrals for treatment repeatedly evading obligations using fraudulent acts committed by (adjuster Wendy Simpson and nurse case manager, Tammy Ringo) on 10/27/2011, **denial of** medical treatment for valid referral 08/24/2011 by Dr. Andrew Cordista to Dr. Nicodemo Macri for Rehab for diagnoses by code. Plaintiff have all "original" prescriptions. The adjustor Wendy Simpson will not pay for the ordered Rehab, but an evaluation only and nurse case manager, Tammy Ringo solicited Dr. Nicodemo Macri "by fax" to do an evaluation only signed by Tammy Ringo, referenced under false pretenses as being the services ordered by Dr. Andrew Cordista, with a distorted copy of Dr. Andrew Cordista's prescription attached on back and Dr. Andrew Cordista refused to provide further medical treatment. Defendant(s) sent Plaintiff on this out of town appointment under false pretense I was going to receive ordered Rehab. Judy Hicks-Varnell filed the WC-14 the very next day, 10/28/11, after Defendant's denial of Plaintiff's rehab treatment, unequivocally using issues belonging to the fraud claim No.

Dr. Nicodemo Macri wrote a statement by letter dated 07/19/12 of Defendant(s) scheming tactic whereby he was not able to provide Plaintiff's Rehab because Defendant(s) did not authorize the prescription. I found that even in the absence of the denial of medical treatment, Tammy Ringo and Wendy Simpson's scheming tactics would have "still" had a "chilling" /effect and **terminate**d Plaintiff's rehab treatment considering deletion of O.C.G.A. 34-9-201b(c) and amended by 34-9-201(b) (1) and 34-9-201(b) (2), where the referred to physician although he becomes the authorized treating physician, he cannot make any further referrals, therefore the Defendant(s) tactics would equally have guaranteed no further treatment for the Plaintiff, and would appear legitimate by Defendant(s) undermining the intent of the law. And there has never been a filing of another WC-200a authorizing another physician to treat Plaintiff.

Further Plaintiff requested an Employer funded medical appointment and itemized travel expenses for a requested independent medical evaluation with Dr. David Rogers in Glendale California, dated to have been sent to the Defendant 08/24/11, in ample time for the Defendant to respond before the scheduled appointment. Defendant(s) regenerated what appears to be the

same request sent 08/24/11, onto an Objection form with fraudulent Claim No. 2010-025055 that
has my personal identifying information, but with a different date of 08/23/11 and **denied**
Plaintiff's requests, further controverted the provider, Dr. David Rogers, on 09/26/2011, **limited**
surgery under my legitimate compensable Claim No. 2010-025855 after Plaintiff traveled all the
way to California to undergo major surgery alone, without the support of family – because
Defendant(s) funding had not arrived by the time od departure. Plaintiff had to cancel surgery for
multilevel cervical artificial disc replacements the day I was due to be admitted for pre-op to
undergo surgery the following day and return to Georgia to seek a Georgia provider at the
request of Plaintiff's attorney, Judy Hicks-Varnell, and Plaintiff was never compensated for air-
flight travel, food and lodge from around 09/18/11 – 09/28/11  and medical expenses incurred.

Wendy Simpson furthered **ignored** Plaintiff's one time request for change of physician to Dr.
Edward Hellman on 10/28/2011, knowing or should have known, Plaintiff was without medical
treatment and there has never been a filing of another WC200a authorizing another physician to
treat to date and all workers' compensation providers have been paid in full to date and after
Plaintiff believed Dr. Edward Hellman could help me after my 10/25/11 visit. Dr. Edward
Hellman offered Plaintiff multilevel artificial disc replacement to my C-spine and upon healing,
subsequently multilevel artificial disc replacement surgery to my lumbar spine and when the
surgery coordinator contacted worker's compensation adjuster, Wendy Simpson around 10/27/11
for precertification the provider reneged on my surgery. Plaintiff called the Tifton police on
10/28/2011 after learning I had paid for services, in a patient centered visit that I did not receive
whereby initially Plaintiff was charged $450.00 for that appointment and Dr. Edward Hellman
reduced my payment to $85.00. The Defendant(s) refusal to allow me to participate in my plan of
care, especially after the Defendant has taken the position that it is not liable for Plaintiff's
medical treatment and income benefits for legitimate compensable Claim No. 2010-025855 to
date and upon Plaintiff's own cogence, I was forced to seek medical treatment and pay for
medical treatment for work disabilities due to Wendy Simpson's breach of care.

In addition to the foregoing, Defendant(s) failed to acknowledge Plaintiff's documented
cervical/thoracic region complaints since start of treatment in 2009, and other fraudulent activity,
2010 and 2011, by 2012, Defendant(s) furthered acts using fraudulent Claim No. 2010-025055
Employer/Self-Insurer's Objection To Claimant's Request For An IME form dated 01/25/2012.

Plaintiff found this form to be one of the documents Matthew Liverman, listed as signer, I believed perpetrate the fraud, and used to make reference to the Fraud Claim file in the Board's ICMS system, creating the appearance of statutory compliance, using Plaintiff's personal identifying information, indicating that Plaintiff has not received income benefits within 120 days and therefore is not entitled to an independent medical evaluation, and does not meet statutory requirements for continued income benefits and requests for treatment barred by statute and is not reasonable in light of the medical records, along with 02/13/12 and 02/21/12 Employer's threaten motions by Attorney of Record, Matthew Liverman, to dismiss Plaintiff's claim in its entirety. When in fact, had Defendant(s) dealings been fair and honest, and without fraudulent acts, Plaintiff would still be receiving awarded workers' compensation benefits to date.

Matthew Liverman, private actor Judy Hicks-Varnell and the ALJ, Gordon Zeese continued use of fraudulent Claim No. interchangeably with my existing legitimate Claim No. 2010-025855 for purposes unintended, 01/10/2012, Form WC-200B, Employee Request for IME, where the Defendant coded me "falsely" in the ICMS system, as "still" currently receiving appropriate medical treatment under authorized treating physician, Dr. Andrew Cordista. Even the ALJ, in his Ruling 01/25/12, believed that I was "still" currently receiving appropriate medical treatment and this was just not true (see 01/26/12 and 02/02/12 statements by letters from Law Offices of Judy Hicks-Varnell). On 01/25/12, the Defendant(s) specifically, solicited the ALJ, using fraudulent Claim No. 2010-025055 Employer/Self-Insurer's Objection To Claimant's Request For An IME form dated 01/25/12, that has my personal identifying information, footnote on page 1 of 7, states. "Employer prays that the Board take judicial notice of the forms filed in the State Board's ICMS web-site file for this claim". "Therefore, Claimant's request for an Employer funded IME should be denied", signer of this report listed as Matthew Liverman, and further in this form Matthew Liverman inferred a physician's ordered evaluation, the same inference that was made by Tammy Ringo solicitation to Dr. Nicodemo Macri 10/27/11 denial of Rehab treatment. Matthew Liverman request made from Fraudulent Claim No. 2010-025055 that has my personal identifying information was reflected by the ALJ's, Gordon Zeese Ruling on 01/25/12, and further made referenced Plaintiff's falsely coded status in the ICMS system, indicating Plaintiff is currently receiving appropriate medical from her authorize treating physician, Dr. Andrew Cordista, and causing an unfavorable Ruling on 01/25/12, ALJ, Gordon

Zeese granted Defendant's request and Plaintiff's request for an independent to Dr. Peter Holliday was **denied, terminating** any and all access for relief or remedy, continuing to date.

Further Matthew Liverman used this fraudulent claim No. 2010-025055 that has my personal identifying information in multiple threats to motion a dismissal of Plaintiff's claim without future medical and income benefits dated 02/13/12 and 02/21/12, and seeking to discredit Dr. David Rogers credibility, same as Plaintiff found in the ALJ's 06/29/12 Ruling from the weight of the credible evidence from the fraud claim, and Matthew Liverman perpetrated a potential settlement opportunity dated 04/14/11 sent to Plaintiff 04/18/11, and several solicited medical reports from Defendant(s) authorized treating physicians relating incorporated referenced paragraphs from Plaintiff's existing legitimate claim, generated into fraudulent claim Employer Exhibits.

Plaintiff's condition is worse now than before the fraud. On March 13, 2013, Plaintiff had to undergo major multilevel cervical spine surgery after my conditioned worsened and my neck had difficulty holding my head and my neck, dominate right arm and bilateral finger digits would temporarily lock up and I could not use them. Plaintiff had to resort to a lesser form of surgical intervention other than what was recommended because there was no means to pay for the recommended, artificial disk replacements. Plaintiff had to pay for surgery and other treatment for my work disabilities. Plaintiff is temporary total disabled suffering a loss of earning capacity and in need of further ordered rehab to date, physical therapy to date, and aquatics therapy to date, that has to be a part of lifetime maintenance regimen with a life coach. Plaintiff believe Defendant(s) discriminated against my work disabilities, race, gender and color and constructed this scheme of white collar activity to cover up the real reason that the Defendant(s) has taken the position it is not liable for this black, dark skinned, female with work disabilities lifetime medical and income benefits – and considering another Employee, Calek Bowden, a white, light skinned male who incident was the same or similar to mine, and he was treated better than me – allowed to return to work after he received his permanent partial disability and was not defrauded of awarded worker's compensation benefits and I was not allowed to return to work after my permanent partial disability rating and Wendy Simpson negligently, breached my care and left me to my own demise with permanent disabling, potential fatal injuries without Employer funded medical treatment for work disabilities.

Around **09/04/13** Attorney of Record, William Carter, retaliated against me because I filed litigation on 08/23/13 protesting against Defendant(s) fraudulent activity with the fraudulent Claim No. 2010-025055 issues that has my personal identifying information when a male who identified himself as Attorney of Record, William Carter contacted me by telephone indicating that Robert Hamilton is with him, asking do I have a few minutes to discuss my treatment issues for the upcoming hearing, and I questioned when was the Hearing because I had not been told of a Hearing, when he indicated to me that a Hearing had not been scheduled and concealed the scheduled Hearing date, and attempted to deceive me by requesting that I name a specific body part for treatment. Plaintiff indicated to the Defendant(s) points of contention and requested he remove fraudulent documents from my claim and reverse the related damages and case harm and further requested he authorize all the "denied" medical treatment, including the prescriptions for Rehab they denied for medical treatment from valid referrals from their own selected authorized treating physicians and he ignored all my points of contentions indicated and did not answer and indicated to me that I must name a specific body part or he can't do it; when all the long Defendant(s) contacted me seeking to deceive me into his line of questioning to get my issues barred by res judicata - indicating to me that issues are barred by res judicata and Claimant indicated, these are current to date issues never been litigated, see the prescription recently given for physical therapy for my work disability. I observed I had been placed on speaker phone and believed I was being recorded without my permission to be recorded.

**09/06/13** I believe the ALJ retaliated against me because I filed litigation issues in protest of the Defendant(s) fraudulent activity using fraudulent claim No. 2010-025055 that has my personal identifying information when the State of GA, Albany Board Office failed to mail Plaintiff a copy of the reset Hearing Notice for 10/10/13 found to have been scheduled as far back as 08/20/13 and concealed the Hearing reset date and Plaintiff learned of the Hearing after contacting the Atlanta Board Office by phone and had to go into the Albany Board Office to get a copy of the Hearing notice and neither the Board or the Employer has answered my points of contentions.

**09/09/13** Attorney of Record, William Carter retaliated against me because I filed litigation issues on 08/23/13 in protest of the Employer's fraudulent activity with fraudulent claim No. 2010-025055 that has my personal identifying information and I indicated I wanted the

fraudulent documents removed from further interference in obstructing me from my receiving my disability treatment when he did not answer my points of contentions and evaded my points of contentions by making untrue misleading representations that Plaintiff did not properly serve the Attorney of Record and he is not able to discern specific issues presented – when Plaintiff discussed issues at previous phone contact made by William Carter.

**09/10/13** Attorney of Record, William Carter retaliated against me because I filed litigation issues on 08/26/13 in protest of the Defendant(s) fraudulent activity using fraudulent claim No. 2010-025055 that has my personal identifying information and indicated I wanted fraudulent documents removed from further interference in obstructing my receiving my disability treatment documents when he did not answer my points of contentions and evaded my points of contentions by making untrue misleading representations that Plaintiff did not properly serve the Attorney of Record.

**09/27/13** Defendant(s) retaliated against me because I protested against what the Employer is doing when I sent copies of fraudulent Claim No. 2010-025055 documents that has my personal identifying information and reported a suspected Employer's fraud report to the Board's Enforcement Division, due to arrive by U.S. mail 09/26/13. A corrected report was sent 09/30/13. On 09/27/13, I received several adverse acts from the Defendant(s) and ALJ.

**09/27/13** I received an ALJ Ruling dated 09/24/2013, I believe, when notice was taken at the Albany Board Office upon my filing that claimant was sending copies of fraudulent Claim No. 2010-025055 documents to the Attorney of Record and while Plaintiff was waiting an appeal against issues barred by res judicata belonging to Fraudulent Claim No. 2010-025055 that has my personal identifying information. ALJ Ruled res judicata will be enforced despite the Appellate had not ruled and further this prohibited the Rehabilitation Coordinator, who named plaintiff 's proposed rehabilitation supplier in lure of a prescription from the authorized treating physician, Dr. Andrew Cordista on 08/24/2011 for accepted compensable controverted neck and C-spine diagnosed injures, from granting the administrative decision granting Plaintiff's catastrophic designation, again furthering the Employer's untrue, misleading represented façade of 09/27/2013 in the matter of the Objection to R1CATEE Catastrophic Designation and removed the final Administrative decision from the Rehabilitation Division to the Administrative law Judge – using untrue misleading representations.

On **09/27/13** I believe Robert Hamilton retaliated against me with several, instant adverse acts, to date by making untrue misleading representations, and used my personal identifying information for purposes unintended, to deceive me. I believe he used the façade to deceive me into an unwarranted Deposition using an "**incomplete**", WC-14 Notice of Claim. He "**did not**" make a Request for Hearing in this matter of the R1CATEE. His objection was an objection to request of Employee's "denomination catastrophic" designation. Further the WC-14 Notice of Claim "**did not**" make affirmation of filing party, "**did not**" Certify to the existence of a valid Fee Contract in compliance of Board Rule 108 or a Form WC-102B in compliance with Board Rule 102, and "**did not**" certify to Certification of Service to have mailed copies of this form to all of the parties named above, and furthermore, his statement by letter sent to the Rehabilitation Section of the Board of Workers' Compensation, an "**incomplete**" "**invalid**" WC-14 Notice of Claim indicates in the area labeled Specify: The Employer/Self-Insured "**objects to the Claimant's request for a Catastrophic Designation",** signed by Robert Hamilton, Senior Assistant Attorney General, and further did not file (documents in support of his Objection) to Plaintiff's Request for catastrophic designation.

Plaintiff found that based on Revision of Board Rule 200.1(g)(3), in the event a form WC-14 is filed, the file shall be transferred to an Administrative Law Judge for an evidentiary hearing without an Administrative decision being rendered by the Rehabilitation Coordinator. Based on this information Robert Hamilton knew or should have known, he made untrue misleading representations indicating he filed aWC-14 Request for Hearing and with contemporaneous filing of Plaintiff's WC-14s, he seeks a full evidentiary hearing in the matter; I believe as a facade to subject Plaintiff to an unwarranted Deposition prior to Trial Court, when in fact, Robert Hamilton did not even make a Request for Hearing on the matter on the WC-14, as he had indicated, yet adversely, sat me up for a deposition within three of a scheduled hearing that has been since 08/20/2013, without validity of testimony.

On **10/17/13** Defendant(s) seemingly, pursuant 18 USC 1503, when attorney of Record, William Carter seek to influence the actions of an individual holding a public and legal duty in what appears to be, endeavors to influence the Board that oversees workers' compensation for the State of Georgia to uphold the Defendant(s) objectives whereby William Carter uses its Insurer-Client connection with the Trial Division/ALJ, Gordon Zeese at many times, including putting

the Board in notice of this connection on 10/17/13, indicating to the Board that "neither the Employer – nor the Board – will be in a position to evaluate and consider the Employee's points of contention nor her arguments" in Defendant(s) objection to Claimant's Motion for protective order, emergency relief, legal counsel, halt proliferating and scheming tactics dated 10/11/13.

**10/17/13** Defendant(s) seemingly influence/enticing the ALJ to object to Plaintiff's 10/11/13 Objection and 10/11/13 Motion for the aforementioned, indicating that neither the Employer nor the Board will be in a position to answer claimant's points of contentions or arguments unless they get me to talk and neither the Employer nor the Board have answered and has constantly harassed Plaintiff for an unwarranted deposition using untrue misleading representations to deceive me in retaliation because I protested against what the employer is doing and Defendant(s) are in no position to answer Seemingly, without using proliferating, scheming tactics to deceive me into an unwarranted deposition, without counsel to speak for me in this matter and without validity of testimony. Plaintiff have found and believe, as appears to me, the state's Attorney of Record specifies to the Board their objectives and seemingly to me, there are either covert acts and/or several Board "instant" Rulings in furtherance of Defendant's objective.

**11/25/13** Plaintiff believe Defendant(s) solicits the Board for favorable decisions and Reward that gives advantage to the Defendant(s) and disadvantage and punishes the Plaintiff by making untrue, misleading representations, directly to the ALJ/Trial Division, seemingly without fear of retribution. This miscarriage of justice, fraudulent manipulation, continue to façade pass an entire legal system built to serve and protect the Rights of injured workers in the State of Georgia and has taken nearly four years for the unveiling of this fraudulent discovery and that at the hands of a state-injured worker, who might I mention, does not know law and had no prior knowledge of worker's compensation law, forced to act as pro se litigant and make preparation for trial because my attorney withdrew before resolving issues of denial of medical treatment. Defendants active efforts using untrue misleading representation, in its connection and allegiance, are to bar Plaintiff's legitimate claim issues by *res judicata*, dismiss my meritorious claim, or take it off calendar, and Ruling 12/31/13 amended 01/02/14, now threatens imposition sanctions I believe to threaten Plaintiff into an unwarranted deposition. I believe to be in bad faith against me, I believe in retaliation against me because I protested against what the Defendant and the ALJ is doing and Retaliating against me out of out of an attempt at blockage –

preventing me from having a fair trial; my day in court. Plaintiff gets oppressed and terrorized by the Defendant(s) and the state's system apparently affords no protection against the aggressor. In fact, seemingly enough, it appears to me that either by persuasion, demand, entreaty or threat, Defendant(s) has on at least three "documented" occasions (07/30/13) solicitation for res judicata, and (07/30/13) William Carter used my personal identifying information for purposes unintended and underhandedly solicit the ALJ, Gordon Zeese to recuse himself, making untrue misleading representations about Plaintiff, (8/13/13) Robert Hamilton forced refused to consent to declined conference call with ALJ and William Carter on the line I believe at attempts to barr claimant's issues and William Carter put the ALJ in notice that his name was specifically named in federal litigation by the Plaintiff, knowing the ALJ is no more superhuman than the average human and ALJ Ruled 08/14/13, barring my issues and I did not give them a conference call, (10/17/13) Defendant's solicitation to ALJ Gordon Zeese for objection to Plaintiff's motion dated 10/11/13 and Plaintiff's objection to Defendant(s) request for a deposition dated 10/11/13 , (11/25/13) Robert Hamilton in their connection and allegiance, puts the ALJ in notice of the 08/13/13 their attempt at a forced conference call where he was put in notice of his name being specifically mentioned in federal litigation to influence or solicit a favorable administrative decision for dismissal of my claim and (12/2/13) Robert Hamilton informing the ALJ after I refused Robert Hamilton's threat of the ALJ's exercise of legal power to force me to give them a conference call,.

Plaintiff have experienced a bad faith exchange and further found and believes that the state worker's compensation infrastructure "protects" their State Worker's Compensation clients, (Employers) against whistleblowing from an injured worker and seeks to punish the adverse party. Defendant(s) has subjected me to the emotional distress, fear, threat, detriment, and deprivation that happen when people are rendered powerless to defend themselves. To undergo such maltreatment, hopelessness and helplessness because there is nowhere to turn for remedy, stripped of rights, and left to one's own demise with deliberating conditions, is inhumane treatment. Their infrastructure is designed in such a way the injured worker builds and try, his or her own case against the system – extremely disadvantaged to give up, or forced to quit and live a life of insecure income, ill health, and an early death - accept the fate or fight a legal system, experts in law who has proven they can build a façade and do whatever they want to me, despite everything is documented evidenced as contained within the "legitimate" records, and available

for legal review - but for them to acknowledge this fraudulent manipulation positions the Board against itself and questions its own efficacy and efficiency.

**11/1/13** Robert Hamilton, Senior attorney general, I believe constant harassment and threaten use legal authority through Judge Gordon Zeese, Trial ALJ, to get what he wants using misleading, untrue representations.

**11/06/13** William Carter request by brief that the Appellate Court grant Defendant(s) controvertion of my neck and C-spine, issues that belong to fraudulent Claim No. 2010-025055 that has my personal identifying information.

**11/25/13** Robert Hamilton used untrue misleading representations to solicit Judge Gordon Zeese to dismiss my claim and remarkably enough, as in all Defendant(s) solicitations to Judge Gordon Zeese, Plaintiff received a covert reaction from the ALJ, Gordon Zeese, dated 12/3/13 I believe in façade of Defendant(s) objective of dismissing my claim or taking it off the calendar under facade that discovery is not complete for the upcoming hearing and a deposition is needed.

**12/2/12** Robert Hamilton, contacted  Plaintiff by phone I believe attempting to engage an argument into coercing me into a conference call, the Employer tried this once before 08/13/13 with Judge Gordon Zeese on the line - when I first indicated that issues barred by res judicata was not my issues and my refusal to consent to it resulted in an ALJ ruling 8/14/13 granting the Employer's request in part, barring my issues by res judicata; this was before discovery of the fraud - now threatening Plaintiff with legal authority of telling the Judge Gordon Zeese and shortly thereafter emailed Plaintiff, under the façade of having dealt cautious and tactful in his phone contact, then threatens Plaintiff for a deposition – again constant harassment/threats regarding obtaining an unwarranted Deposition Plaintiff believe to be in bad faith; despite Plaintiff have asked Defendant(s) to stop harassment for an unwarranted Deposition. Remarkably enough, Plaintiff is in observation, of another covert reaction by the ALJ, Gordon Zeese, that indicated to me, it was setting the stage either that I will give the Employer an unwarranted deposition that I believe to be in bad faith, or my claim will be dismissed or taken off the calendar under false pretenses that discovery is incomplete for this hearing, when this is not true.

**12/04/2013** in the ALJ new address to Plaintiff by memo, page 2 of 2, regarding courtesy email reminders, postponements, discovery, and Govern Yourself Accordingly attached to the <u>Notice</u>

of Hearing in Claimant's reset Hearing for the WC-14 Request for a Hearing filed 05/28/2013 Hearing/Mediation issues on Denial of medical treatment, Georgia Power Company v. Brasil, 171 Ga. App. 569 2d 573 (1984) and Boaz v. k-mart Corp., 254 Ga. 707, 334 S.E. 2d, 167 (1985) and Bel Ar Arbor Nursing Home v. Johnson 192 Ga. App. 454, 385 S.E. 2d, 315 (1984); Hearing issues the ALJ has failed to acknowledge as Hearing issues listed on the WC-14 to date. The memo, was sent after Robert Hamilton's phone contact and email to me and I believe is conducive to the Robert Hamilton's email tactic Monday, 12/02/2013 that was definitely not a courtesy reminder email, but among other things, I believe the Defendant(s) used this opportune memo to email mention of the postponed Hearing, and considering its content, threaten, "I will take your Deposition"; seemingly I believe this new address from the ALJ at this time is a façade to pressure me into the Employer's unwarranted Deposition, or threatens my claim will be removed for incomplete discovery – inferring the Deposition is related to this upcoming Hearing, and per the Employer's recent solicitation 11/25/13 to Dismiss my claim making untrue, misleading representations, I believe, retaliating against me because I protested against what he and the Defendant is doing.

Continuing, on 12/19/2013, Robert Hamilton retaliated against me because of my work disabilities, because I reported violation to a Federal Government (U. S. Representative), where upon their inquiry to the Board into the matter, when he emailed me indicating everything about my claim is in litigation, do not have any contact with his client about any aspects of this case because I received a forwarded email by US Representative, Constituent Services, from Ms. Williams at the Dept. of Admin. Services – State of GA, to contact Louis Smith at 678-325-2646 or Louis.smith@doas.ga.gov, because my case is a liability case, assigned liability case number Ll13236873; Hope this helps. However, Louis Smith informed me that my case was not a liability case and Louis Smith apparently contacted, the claim's Worker's Compensation Adjustor, Wendy Simpson, who, I believe, further retaliated against me, because of my work disabilities when she contacted me by phone, and did not provide me a response but indicated to me to talk to Robert Hamilton. Further, Ms. Williams, I believe, retaliated against me because of my work disabilities, because I filed a complaint with the U.S. Representative Office and they sent an informed consent for an inquiry into the matter and to follow up with a privacy form for the Board to release a complete copy of my entire Board file records, when she inferred the my

contentions were being considered or evaluated by the Board, by indicating untrue, misleading representations of being assigned a liability case.

On 12/27/13, I believe the Board retaliated against me because of my work disabilities, because I filed a complaint with the Federal Office of Occupational and Fire Safety Commission and requesting assistance in resolving this matter of my insurance and they sent my complaint to the Board because they did not have jurisdiction. Executive Director, Ms. Delece Brooks contacted me in a letter by statement dated 12/23/13 from the Executive Director of Worker's Compensation, Ms. Delece Brooks, and she did not provide a response to my contentions and I believe made untrue, misleading representations when she indicated that the appropriate venue would be before the ALJ, when I believe it does not take an ALJ to tell her what is clearly contained within the records for legitimate Claim No. 2010-025855 and I believe, if indeed, as indicated, that she reviewed my Board file, she know or should have known and be in acknowledgement of Claimant's WC-1 Employer's First Report of Injury filed 08/23/10 within the first year of injury, paid PPD benefits to preserve life time medical and income benefits for my work disabilities, pursuant 34-9-81.1 and 34-9-82 and therefore, she has the Executive authority over the employee's to investigate, discover, and terminate the misconduct.

Ms. Delece Brooks indicated in her letter by statement that she indeed reviewed my Board file claim and therefore I believe she is aware of the fraudulent activity outlined in my timeline of events to the Board whereby persons used my personal identifying information to open new accounts, or use my existing accounts or commit other fraudulent acts that caused my case harm, and that I believe these people in Power and legal authority have unlawfully discriminated against me and are in violation of the Law, and further subjected me to a hostile environment, I believe to be serious and dangerous business that is a potential and actual threat to my life, where they have proven they can and will build a façade and do whatever unlawful act they want to do to me and I am frightened for my life.

Instantly, again on 12/31/13, I believe ALJ, Gordon Zeese's Order December 31, 2013 in and Amended 01/02/14 is in retaliation against me because I protested against what the Employer is doing, and is in furtherance of the Employer's schemes when it indicated to me that I give Defendant(s), his

allegiance, a pre-hearing unwarranted Deposition, I believe façaded under pretense of an incomplete
discovery process for the upcoming Hearing,

I believe the Administrative Law Judge, Gordon Zeese, the Board, the Executive Director, Ms.
Delece Brooks and Defendant(s) have not shown Plaintiff that they want to rectify their past wrong and
have not given a response to Plaintiff's contentions and have failed to even consider or evaluate any of
Plaintiff's contentions and arguments on the matter and now the Administrative Law Judge, Gordon
Zeese, threatens the Plaintiff with sanctions and/or claim dismissal or give his allegiance, the
Employer/Self-Insurer an unwarranted deposition, pre-hearing, under untrue, misleading representations
of participating in the discovery process, forcing me to succumb to oppression and victimization to cover
up the real reason I believe to prevent me from having my day in court, a fair trial evading legal
consequences of their misconduct herein described in Claimant's mention of fraudulent Claim No. 2010-
025055 that has my personal identifying information. I believe this is a violation of public trust and
Judicial confidence

When in fact, ALJ, Gordon Zeese, knew or should have known that the Employer/Self-Insurer's
unwarranted Deposition is under the facade of untrue, misleading representations of having filed a WC-14
Employer's Request for Hearing on 09/27/13 Claimant found to be invalid and further believe the pre-
hearing unwarranted Deposition to be in bad faith, just as those indicated early-on by the Defendant(s)
(October 7, 2013, days before the 10/10/13 hearing; then 11/01/13, within days before the 11/6/13 Oral
argument).

Plaintiff believe the ALJ, Gordon Zeese is harassing me for the pre-hearing Employer's
unwarranted Deposition under façade of discovery process for the upcoming Hearing, under façade that
discovery is not complete – which is just not true and I believe this to be in bad faith against me and the
ALJ, Gordon Zeese is retaliating against me because I protested against what the ALJ and the Defendant
is doing and Plaintiff believe the ALJ has constructed this façade of a pre-hearing Employer's Deposition,
for the discovery process relating it to my upcoming hearing in an unlawful evasion of legal
consequences. This façade for an unwarranted pre-hearing Deposition related to the discovery process for

my upcoming Hearing, within days of scheduled Hearings was initiated first by the employer after
Plaintiff sent copies of fraudulent Claim No. 2010-025055 that has my personal identifying information
documents to the Attorney of Record, William Carter, at his request and sent a suspected Employer's
fraud report to the Enforcement Division the very same day and were one of several adverse acts Plaintiff
received from the Defendant and the Board that I believe is in retaliation against me because I protested
against what the Employer is doing. Defendant threaten me on 11/1/13 and 12/2/13 with the use of legal
authority to get what he wants, even threaten on 12/2/13, I will be taking your Deposition. Plaintiff
indicated to the Defendant(s) to stop Harassing me for an unwarranted Deposition, about a Deposition, for
a Deposition, with an invitation to a Deposition, with any mention of a Deposition , gestures used by the
Defendant, and now his threat of legal authority, the Order, 12/31/13, Amended 01/02/14 Ordering
Plaintiff give the pre-hearing Deposition to the Defendant, demanding a response within 20 days or
sanctions including up to dismissal of claim for February 6, 2014 Hearing where I believe the ALJ is
continuing to harass me for an unwarranted Deposition I believe to be in bad faith through the use of
threats of legal authority in retaliation against me because I protested against what ha and the Employer is
doing using  ALJ, Gordon Zeese, who I believe is also harassing me for an Employer's unwarranted pre-
hearing Deposition under façade of discovery process related to my upcoming hearing - demanding
Plaintiff's adherence to the objective of perpetrator's oppression and victimization.

**12/4/13** Plaintiff complained of disadvantaged and disparate treatment based on my work
disabilities due to conflict of interest when the State Board of Worker's Compensation did not
afforded me the opportunity to make complaints against my Employer about, denials of medical
treatment and temporary total disability benefits for my disabilities, refusals to pay for treatment
that arose out of valid referrals  to the State Board of Worker's Compensation that oversees
Worker's Compensation for the State of GA because I present a conflict of interest because my
Employer, the Defendant(s) is their Client, part of their In-group and the Board's Enforcement
Division refuses to circumvent the system to address Plaintiff's suspected Employer's fraud
report committed by members of their own In-group, compared to injured workers who has a
non-state insurer, other than the Department of Administrative Services – State of GA, out-of-

group, insurer as their insurance carrier and are afforded the opportunity to make complaints against their Employer's and the Board facilitates a prompt, fair, sensitive resolution and further suspected fraud reports they report on their Employer is followed up on and investigated in a timely manner.

## 5. RELIEF

Defendant(s) failing to comply with Applicable State Labor Relation Laws and other Federal Laws and regulations of the GA Worker's Compensation Act and otherwise failing to exercise the degree of care required under the circumstances, otherwise being negligent; As a result of the aforesaid conduct and breach of care of the Defendant (s), Albany Area Community Service Board, the Dept. of Administrative Services – State of GA, State Board of Worker's Compensation, and their staff members, Plaintiff suffered Deprivation of life, and property, losses, emotional distress, unreasonable hardships, damages and intentional discrimination, retaliation, a hostile environment, threat to Plaintiff's life, without any negligence of the Plaintiff contributing thereto.

**WHEREFORE**, Plaintiff demands judgment against Defendant(s) in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus interest, costs, or if Motion is granted to proceed with a Class Action Lawsuit, Plaintiff demands judgment against the Defendant(s) in the amount of FIFTY MILLION DOLLARS ($50,000,000.00) and/or any amount deemed appropriate by this court and/or other relief this court deems appropriate.

Further Plaintiff respectfully asks for relief of all rulings made in violation of the law to date, and a permanent injunction to prevent interference from receiving related health services to date and indeed, monetary damages and injunctive and other equitable relief are being sought pursuant to 42 U.S.C. section § 1981 and other in the amount as the court deems appropriate.

Plaintiff would like a Jury Trial.

Halt the Defendant(s) proliferation and implementation of a unlawful scheming tactic for evasion of Obligations, and a Protective Order (Cease and Desist) against Defendant(s) engaged activity that poses a potential and actual threat to Plaintiff's life.

Damages (general, compensatory and special), medical expenses and medical travel expenses, pain and suffering, front and back pay for lost wages, a lifetime maintenance regimen that includes, Aquatics, physical therapy and a lifestyle coach, the increased likelihood of future disease and special accommodations, compensation for an assistant for help with lifestyle skills, and the cost of "Medical Monitoring" for conditions and special accommodations that have not been identified at the time of the trial but may emerge in the future. Plaintiff further seeks monetary damages to "monitor" the plaintiff in the future problems; wanting the court to grant a program of low-dose CT scanning to screen for future.

Signature/Date: _____ *Joanne Edwards* _____ This 06th day of January, 2014.
Joanne Edwards

Address: 115 Kennedy Street
            Camilla, GA 31730

Phone Number: 229-733-2571